AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>YENN CASTRO GUERRERO, and<br>JADER CUERO HINESTROZA<br><br>*Defendant(s)* | Case No. **8:20MJ1887 SPF** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _September 2, 2020_ in the county of _Hillsborough_ in the _Middle_ District of _Florida_, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506(a) and (b) | Conspiracy with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, and Conspiracy with intent to distribute five (5) kilograms or more of cocaine to import into the United States. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

YENIXA PEREZ  *Digitally signed by YENIXA PEREZ*
*Date: 2020.09.15 16:59:24 -04'00'*

*Complainant's signature*

Special Agent, Yenixa Perez, HSI
*Printed name and title*

Sworn to before me ~~and signed in my presence~~ by telephone.

Date: 09/15/2020

*Judge's signature*

City and state:   Tampa, Florida            SEAN P. FLYNN, U. S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Yenixa Perez being duly sworn, depose and state:

### Introduction and Agent Background

1. I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations (HSI), and have been employed by the HSI since 2010. Since October of 2019, I have been assigned as a Special Agent to the Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") investigation being conducted by the Federal Bureau of Investigation (FBI), Drug Enforcement Administration (DEA), Immigration and Customs Enforcement, Homeland Security Investigations (HSI), the Coast Guard Investigative Service (CGIS), the United States Coast Guard (USCG), and state and local law enforcement agencies. Investigations initiated by Operation Panama Express are prosecuted in the Middle District of Florida (Tampa Division). Special Agents assigned to Operation Panama Express currently investigate illegal drugs smuggling organizations that are responsible for the transportation of illegal drugs through international waters of the Caribbean Sea and Pacific Ocean via maritime vessels to transshipment locations for later introduction and distribution into the United States.

## Statutory Authority

2. I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about September 2, 2020, while on board a vessel subject to the jurisdiction of the United States, the defendants, YENN CASTRO GUERRERO and JADER CUERO HINESTROZA, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

3. The averments contained in this Affidavit are based on my personal knowledge and/or reliable information related to me by other law enforcement officers with whom I have worked on this investigation. Because of the limited purpose of this Affidavit, however, I have not included each and every fact known to me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

## Probable Cause

4. The United States Coast Guard (USCG) has authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and

arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

5. On or about September 2, 2020, under cover of darkness, the USS NITZE's (NIT) helicopter detected a Go Fast-Vessel (GFV) with one outboard engine, approximately 100 nautical miles south of Panama. The NIT helicopter observed the GFV to be dead-in-the-water (DIW) without operating navigational lights, displaying no indicia of nationality with bales of suspected contraband and excessive fuel barrels in plain view. The USS TORNADO (TDO) was patrolling nearby and launched its over the horizon (OTH) vessel with United States Coast Guard (USCG) Law Enforcement Detachment (LEDET) 408 on board to intercept.

6. As the OTH was approaching, the GFV began making way at 5 knots. The NIT helicopter then observed and video recorded the jettisoning of seven large (40 kilogram size) bales of suspected cocaine from the GFV. The bales were tied together as was the GFV's sole engine serving as an anchor, which caused the bales to sink shortly thereafter in the immediate vicinity of the GFV. Panama Express agents recognize this as a common tactic used by maritime smugglers in an attempt to destroy evidence before being boarded by the USCG. No bales were recovered by the LEDET in the vicinity of the GFV.

7. Shortly after the jettisoning, the OTH boarding team conducted a right of approach. The GFV master claimed Colombian registry for the GFV

with no supporting documentation. Pursuant to the United States-Colombian Bilateral Agreement, the U.S. Coast Guard approached the Government of Colombia and requested confirmation of the registry and nationality of the GFV. Three and a half hours later, the Colombian government responded it could neither confirm nor deny the nationality of the GFV. The USCG District 11 instructed the USCG LEDET to treat the GFV without nationality and subject to the laws of the United States. The USCG LEDET conducted a full law enforcement boarding.

8. On board the GFV, the USCG boarding team found the two defendants identified as: YENN CASTRO GUERRERO and JADER CUERO HINESTROZA, both Colombian nationals. Due to deteriorating weather conditions, the defendants were embarked onto the TDO. The TDO conducted IONSCAN swipes on the defendants' hands which yielded a negative result for trace evidence of illegal substances. The LEDET 408 boarding team attributed the negative results to the deteriorating weather conditions over the three and a half hour wait for the response from the Government of Colombia.

9. The video footage from the NIT helicopter was reviewed by an experienced Panama Express investigator, who immediately recognized the bales as being consistent with 40 kilogram bales of cocaine previously seized. The video also clearly depicted five of the seven jettisoned objects sinking with the GFV's engine almost immediately as they appeared to be tied together, another

4

tactic similarly encountered by Panama Express investigators. Typically, bales of cocaine will float for several days or longer if not weighed down by heavier objects.

10. The LEDET 408 boarding team reported excessive fuel on board, specifically 125 gallons of fuel in three separate barrels on the GFV. The following morning, the boarding team took eight IONSCAN swipes of the GFV which were tested negative, again attributable to the deteriorating weather conditions overnight.

12. The USCG sank the GFV as a hazard to navigation due to no tow points, no source of propulsion due to the jettisoned engine, no navigation lights and distance from shore. The USCG detained the two defendants, YENN CASTRO GUERRERO and JADER CUERO HINESTROZA, who will be brought to the Middle District of Florida for criminal prosecution.

13. Based in my training and experience, as well as the experience of other law enforcement officers assigned to Operation Panama Express, the GFV is consistent in style, size, and propulsion to other such vessels frequently used to transport cocaine across international waters in the Eastern Pacific Ocean.

## CONCLUSION

12. Based upon the foregoing information, I respectfully submit that probable cause exists to believe that the following two defendants named herein, YENN CASTRO GUERRERO and JADER CUERO HINESTROZA, while on

board a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

YENIXA PEREZ
Digitally signed by YENIXA PEREZ
Date: 2020.09.15 16:26:25 -04'00'

Yenixa Perez
Special Agent, HSI

Sworn to before me by telephone in Tampa, Florida
this 15th day of September, 2020.

THE HONORABLE SEAN P. FLYNN
United States Magistrate Judge

6